UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JGG; JOSHUA JONATHAN JOSEPH
GUMORA,

                    Plaintiffs,

                  -against-

DAVID GUMORA; INNER CITY
PRESSCORP.; JUDGE VERNON
BRODERICK; UNITED STATES SOUTHERN
DISTRICT COURT; SAPONE & PETRILLO;
EDWARD SAPONE,

                    Defendants.

1:22-CV-7659 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Joshua Jonathan Joseph Gumora, who is currently held in the Anna M. Kross Center on Rikers Island, filed this *pro se* action under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), and asserts that the defendants have violated his federal constitutional rights.[1] Plaintiff sues: (1) David Gumora, his brother; (2) Inner City Presscorp.; (3) the Honorable Vernon S. Broderick, United States District Judge of this court; (4) "United States Southern District Court," which the Court understands to be the United States District

---

[1] Because Plaintiff Joshua Jonathan Joseph Gumora is the only plaintiff to have signed the complaint, the Court understands that he is the only plaintiff in this action, and that he is asserting claims on behalf of the other plaintiff listed in the caption of the complaint. The Court will therefore refer to Plaintiff Joshua Jonathan Joseph Gumora as the sole plaintiff in this action. Plaintiff alleges that he believes that the other listed plaintiff is his son. Under Rule 5.2(a)(3) of the Federal Rules of Civil Procedure, a court submission that refers to a minor child may only refer to the minor child using the child's initials. Because the Court understands that the other plaintiff listed in this complaint is a minor child, and because the child's full name is revealed in the complaint, the Court has directed the Clerk of Court to list him on the docket of this action as "JGG," and the Court will refer to him as such within this order. In addition, for those reasons, the Court has directed the Clerk of Court to restrict electronic access to the complaint to a "case participant-only" basis.

Court for the Southern District of New York; (5) Sapone & Petrillo, the law firm that represented Plaintiff in his criminal proceedings in this court; and (6) Edward Sapone, Esq., a lawyer who represented Plaintiff in his criminal proceedings in this court. He seeks damages and injunctive relief. In addition to asserting claims under HIPAA, the Court understands Plaintiff's complaint as asserting claims under the Federal Tort Claims Act; the Administrative Procedure Act; *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); and 42 U.S.C. § 1983, as well as claims under state law.

By order dated September 9, 2022, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[2] For the reasons discussed below, the Court dismisses this action.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

---

[2] Prisoners are not exempt from paying the full filing fee, even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: On April 14, 2020, Plaintiff appeared with his attorney, Edward Sapone, Esq., at a bond hearing presided over by Judge Broderick of this court. Before the hearing took place, Sapone discussed the hearing with Plaintiff and told Plaintiff that he would be asking Judge Broderick to release Plaintiff, who had then been held in federal pretrial detention, because of the COVID-19 pandemic and because of Plaintiff's health conditions. At no time during that discussion did Sapone tell Plaintiff that Plaintiff's medical information would become public record during the hearing, and thus, be "covered by a news agency and

disseminated to the public." (ECF 2, at 4.) Plaintiff did not sign any releases to disclose that information to the court or to the media.

It appears that during Plaintiff's bond hearing, Plaintiff's medical information became public. After the hearing, many of Plaintiff's family members and friends stopped speaking to him because they believed that he participated in "homosexual conduct and ha[d] 'AIDS.'" (*Id.*) Plaintiff's brother, David Gumora, made these assertions on social media. When Plaintiff questioned him about it, he responded that "'it's posted online already. It's public information.'" (*Id.*)

After the bond hearing, but while Plaintiff was still held in federal pretrial detention and in the federal Metropolitan Correctional Center, in New York, New York ("MCC New York"), Plaintiff's cellmate learned of Plaintiff's "medical conditions and alleged sexual preferences." (*Id.*) The cellmate sexually assaulted Plaintiff "with a screwdriver belonging to" MCC New York, and in December 2020, Plaintiff was hospitalized for the assault.

Plaintiff was released from federal pretrial detention on February 7, 2021. Since then, he has "been alienated from [his] family, community, associates and friends and even strangers." (*Id.*) Being ostracized has caused him "extreme depression, confusion, emotional distress, loss of financial opportunity and social well being[,] . . . and . . . has caused chemical addiction and dependency." (*Id.*) JGG's mother no longer speaks to Plaintiff, and Plaintiff's father died estranged from him. None of his family members or friends speak to him anymore. The dissemination of Plaintiff's medical information has also affected Plaintiff's relationship with JGG.

Plaintiff did not learn how or why his medical information was disseminated until four days before he filed the present complaint; he learned about it from his state-court criminal

defense attorney when she sent him discovery documents that the state prosecutor had sent her. Included with those documents was a copy of the transcript of Plaintiff's bond hearing before Judge Broderick.

## DISCUSSION

A.  **Claims on behalf of JGG**

The Court must dismiss Plaintiff's claims that he asserts on behalf of JGG, who appears to be a minor child. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney parent cannot bring an action on behalf of his minor child in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). Additionally, "because *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); *Cheung v. Youth Orch. Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[I]t is not in the interests of minors . . . that they be represented by non-attorneys.").

Plaintiff has alleged no facts suggesting that he is an attorney. He cannot, therefore, assert any claims on behalf of anyone else. The Court therefore dismisses without prejudice any claims that Plaintiff is asserting on behalf of JGG.

B.  **Claims under HIPAA**

The Court must also dismiss Plaintiff's claims under HIPAA. HIPAA does not provide a private right of action. *See Meadows v. United Servs., Inc.*, 963 F.3d 240, 244 (2d Cir. 2020).

The Court therefore dismisses Plaintiff's claims under HIPAA for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**C.     Claims against Judge Broderick**

The Court construes Plaintiff's claims against Judge Broderick as individual-capacity claims for damages under *Bivens*.³ *See Higazy v. Templeton*, 505 F.3d 161, 169 (2d Cir. 2007) ("A *Bivens* action is a judicially-created remedy designed to provide individuals with a cause of action against federal officials who have violated their constitutional rights. . . . The only remedy available in a *Bivens* action is an award for monetary damages from defendants in their individual capacities."). The Court must dismiss these claims under the doctrine of judicial immunity. Under this doctrine, judges are absolutely immune from civil suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). "[E]ven allegations of bad faith or malice cannot overcome judicial immunity." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). This is because "[w]ithout insulation from liability, judges would be subject to harassment and intimidation. . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

There are only two sets of circumstances in which judicial immunity does not apply: (1) when a judge takes action that is outside the judge's judicial capacity; or (2) when a judge takes action, that, although judicial in nature, is in the absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven*, 579 F.3d at 210. Plaintiff's allegations suggest that neither

---

³ As federal courts have analogized *Bivens* claims to those brought under 42 U.S.C. § 1983, case law applying to claims brought under Section 1983 may be used to address issues in claims under *Bivens*. *See Butz v. Economou*, 438 U.S. 478, 498-501 (1978); *Shue v. United States*, 466 F. App'x 51 (2012) (summary order) (quoting *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

6

of these exceptions applies here. Moreover, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

Plaintiff's claims under *Bivens* against Judge Broderick arise from Judge Broderick's actions and decisions while presiding over Plaintiff's federal criminal action in this court. The Court therefore dismisses these claims under the doctrine of judicial immunity, *see* § 1915(e)(2)(B)(iii), and, consequently, as frivolous, *see* § 1915(e)(2)(B)(i); *see also Sibley v. Geraci*, 858 F. App'x 415, 417 (2d Cir. 2021) (summary order) (affirming district court's dismissal of the plaintiff's claims against a federal judge under the doctrine of judicial immunity as frivolous); *Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) (claims dismissed because of judicial immunity are frivolous for the purpose of the IFP statute, 28 U.S.C. § 1915).

D.    **Claims against the United States District Court for the Southern District of New York**

The Court construes Plaintiff's claims for damages against the United States District Court for the Southern District of New York as brought under the Federal Tort Claims Act ("FTCA"), and his claims for injunctive relief against that defendant as brought under the Administrative Procedure Act ("APA"). The Court must dismiss these claims, however, under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government, including suits against any parts of the federal government, except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)); *Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 510 (2d Cir. 1994) ("Because an action against a federal agency or

federal officers in their official capacities is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived.").

    1.    **FTCA**

The FTCA provides for a waiver of sovereign immunity for certain claims for damages arising from the tortious conduct of federal officers or employees acting within the scope of their office or employment. *See* 28 U.S.C. §§ 1346(b)(1), 2680. "The proper defendant in an FTCA claim is the United States. . . ." *Holliday v. Augustine*, No. 3:14-CV-0855, 2015 WL 136545, at *1 (D. Conn. Jan. 9, 2015).

A plaintiff must comply with the FTCA's procedural requirements before a federal court can entertain his claim. *See Johnson v. Smithsonian Inst.*, 189 F.3d 180, 189 (2d Cir. 1999), *abrogated on other grounds*, *United States v. Kwai Fun Wong*, 575 U.S. 402 (2015). Before bringing a claim in a federal district court under the FTCA, a claimant must first exhaust his administrative remedies by filing a claim for damages with the appropriate federal government entity and must receive a final written determination. *See* 28 U.S.C. § 2675(a). Such an administrative claim must be in writing, specify the amount of damages sought, and be filed within two years of the claim's accrual. 28 U.S.C. §§ 2401(b), 2675(a). A claimant may thereafter challenge the Government's final denial in a federal district court by filing an action within six months after the date of the mailing of the notice of final denial by the federal entity. *See* § 2401(b). If no written final determination is made by the appropriate federal entity within six months of the date of the claimant's filing of the administrative claim, the claimant may then bring an FTCA action in a federal district court. *See* § 2675(a). While this exhaustion requirement is jurisdictional and cannot be waived, *see Celestine v. Mount Vernon Neighborhood*

*Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005), "the FTCA's time bars are nonjurisdictional and subject to equitable tolling," *Kwai Fun Wong,* 575 U.S. at 420.

The FTCA's waiver of sovereign immunity, however, does not apply to:

> [a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights: *Provided*, That, with regard to acts or omissions of investigative or law enforcement officers of the United States Government, the provisions of this chapter and section 1346(b) of this title shall apply to any claim arising, on or after the date of the enactment of this proviso, out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution. For the purpose of this subsection, "investigative or law enforcement officer" means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law.

28 U.S.C. § 2680(h).

To the extent that Plaintiff asserts claims of defamation for damages under the FTCA, including claims of libel and slander, against this court, the Court dismisses these claims under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3); *see* 28 U.S.C. §§ 1915(e)(2)(B)(iii), 2680(h). In addition, to the extent that Plaintiff asserts claims for damages under the FTCA against this court that are not specifically prohibited by Section 2680(h), he has not alleged facts demonstrating that he filed an administrative claim under the FTCA with a federal government entity for damages and subsequently received a final written determination before bringing this action; he has also not alleged facts showing that it has been more than six months since he has filed such an administrative claim. Accordingly, the Court dismisses these claims under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. 12(h)(3); *see* § 1915(e)(2)(B)(iii).

**2.     APA**

The APA is another limited waiver of sovereign immunity, allowing for judicial review of a federal agency's final administrative action; it does not allow for monetary damages. *See* 5

U.S.C. §§ 702, 704; *Cnty. of Suffolk v. Sebelius*, 605 F.3d 135, 140-41 (2d Cir. 2010). Under the APA, a plaintiff may ask a federal court to hold that a final federal agency action is unlawful or otherwise incorrect. The court can (1) "compel agency action unlawfully withheld or unreasonably delayed[,]" and (2) set aside the agency's action, findings, and conclusions if the court finds them to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to [5 U.S.C. §§ 556 and 557] or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial de novo by the reviewing court.

5 U.S.C. § 706(2). The proper defendant for an APA claim is either the United States of America, the agency whose action is being challenged, or the appropriate federal officer. 5 U.S.C. § 703. The APA does not apply, however, to the federal courts. *See* 5 U.S.C. § 701(b)(1)(B) (APA definition of "agency" does not include the courts of the United States).

Plaintiff cannot obtain APA injunctive relief against this court, which is a federal court, because the APA does not apply to this court. The Court therefore dismisses Plaintiff's claims for injunctive relief against this court under the doctrine of sovereign immunity, for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

E.  **Claims under federal law against David Gumora, Inner City Presscorp., Sapone & Petrillo, and Edward Sapone, Esq.**

The Court understands Plaintiff's clams under federal law against David Gumora, Inner City Presscorp., Sapone & Petrillo, and Edward Sapone, Esq., as claims of constitutional violations brought under 42 U.S.C. § 1983. The Court must, however, dismiss these claims. A

claim for relief under Section 1983 must allege facts showing that a defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows*, 963 F.3d at 243 ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor.") (internal quotation marks and citation omitted, emphasis in original). Private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . .") (internal quotation marks and citation omitted).

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970), an attorney's legal representation of a criminal defendant does not constitute the degree of state involvement necessary for a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender, *see Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 318-19 (1981), and *Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87

(2d Cir. 2000) ("[A] a legal aid society ordinarily is not a state actor amenable to suit under § 1983.").

Plaintiff asserts claims of constitutional violations against these defendants – all private parties, including Plaintiff's brother (David Gumora), a private media organization (Inner City Presscorp.), and the law firm (Sapone & Petrillo) and attorney (Edward Sapone, Esq.) who represented him in his federal criminal proceedings – but he has alleged no facts showing how any of these defendants acted as a state actor when they allegedly injured him. The Court therefore dismisses Plaintiff's claims under Section 1983 against these defendants for failure to state a claim on which relief may be granted. *See* § 1915(e)(2)(B)(ii).

### F.     Claims under state law under the Court's supplemental jurisdiction

A district court may decline to exercise supplemental jurisdiction over claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction. . . ." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed the claims under federal law of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any claims under state law that Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

### G.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*,

657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses this action for the reasons set forth above.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated:   October 24, 2022
         New York, New York

                                         /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge